FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 7 2015

at 11 o'clock and 28 min. a.M.
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00326 KSC |
| | ) | |
| Plaintiff, | ) | JURY INSTRUCTIONS |
| | ) | |
| vs. | ) | |
| | ) | |
| SAMANTHA LEIALOHA WATANABE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JURY INSTRUCTIONS

Members of the Jury:

You have now heard all of the evidence in the case and will soon hear the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It has been my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is now my duty to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

The information or formal charge against a defendant is not evidence. The defendant is presumed to be innocent and does not have to present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilty.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

The defendant is charged in Count 1 of the Information with simple assault of a person who has not attained the age of 16 years in violation of Section 46506 of Title 49 of the United States Code.  In order for the defendant to be found guilty of that charge, all of you must agree that the government has proven each of the following elements beyond a reasonable doubt:

1.    While on an Alaska Airlines plane, after the moment all external doors were closed following boarding, but before the moment when one external door was opened to allow passengers to leave the aircraft;

2.    The defendant assaulted C.K. by intentionally striking her; and

3.    When the defendant did so, C.K. was under the age of 16 years.

"Assault" means a deliberate touching of another in an offensive manner without justification or excuse.

The government has charged the defendant with committing simple assault by repeatedly striking her child.

The government is not required to prove that the defendant committed every one of the acts of striking alleged in the charge. However, the government is required to prove that the defendant committed at least one of them.

In order to find that the government has met its burden of proof in this regard, you must agree unanimously on at least one particular act of striking which the defendant committed, as well as the other elements of the crime charged. The government must also prove that the act of striking committed by the defendant was not permissible parental discipline.

The evidence has raised an issue of whether the defendant used force or physical punishment as permissible parental discipline at the time of the alleged acts on her child in relation the crime charged in this case which is simple assault.

In determining this issue you must consider all of the relevant facts and circumstances including, but not limited to, the amount of force used, the age and size of the child, the misconduct of the child, the instrument used, if any, the number of times and manner the instrument was used, and the injuries inflicted.

A parent does not ordinarily commit a criminal offense by inflicting physical punishment upon a child subject to his or her parental authority because such parental authority includes the right to discipline a child.  However, that right is not absolute.

The force or physical punishment must be for the purpose of safeguarding or promoting the welfare of the child, including the prevention or punishment of the child's misconduct, and the force or physical punishment used may not be unreasonable or excessive.

Unreasonable or excessive force is that designed to cause or known to cause a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain, extreme mental distress or neurological damage.

If the acts of the defendant in striking her child were for the purpose of disciplining the child, and the force used was not unreasonable or excessive as I

have defined those terms, the defendant is considered to have had legal justification for her acts and she must be found not guilty.

However, if you are satisfied beyond a reasonable doubt that at the time of the defendant's acts, the defendant was motivated by other than a parental desire to safeguard or promote the welfare of her child, including the prevention or punishment of misconduct, or, that the force used was unreasonable or excessive, then the acts may not be excused as permissible parental discipline.

The government's burden of proof to establish the guilt of the defendant not only applies to the elements of the offense of simple assault, but also to the issue of parental discipline.

In order to find the defendant guilty of simple assault, you must be convinced beyond a reasonable doubt that the defendant's acts were not within the authority of parental discipline as I have defined that term, or that the force use was unreasonable or excessive.

As stated earlier, it is your duty to determine the facts, and in doing so, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

Rules of evidence control what can be received into evidence. During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled an objection, the question was answered or the exhibit received. If I sustained an objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

During the course of the trial I may have occasionally made comments to the lawyers, or asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the questions of counsel.  Do not assume from anything I said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I said during the trial in arriving at your own findings as to the facts.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the testimony and evidence in the case.

You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In evaluating the testimony of a witness, you may consider: (1) the opportunity and ability of the witness to see or hear or know the things testified to; (2) the witness' memory; (3) the witness' manner while testifying; (4) the witness' interest in the outcome of the case, if any; (5) the witness' bias or prejudice, if any; (6) whether other evidence contradicted the witness' testimony; (7) the reasonableness of the witness' testimony in light of all the evidence; and (8) any other factors that bear on believability. You may accept or reject the testimony of any witness in whole or in part. That is, you may believe everything a witness says, or part of it, or none of it.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or impeached by contradictory evidence by a showing that: (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

The testimony of a law enforcement officer should be weighed and considered, and credibility determined, in the same way as that of any other witness. A law enforcement officer's testimony is not entitled to any greater weight, nor should you consider it more credible, than any other witness' testimony simply because it is given by a law enforcement officer.

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.

I caution you, members of the jury, that you are here to determine whether the defendant is guilty or not guilty from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the Information. Nor are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offense charged in the Information is a matter exclusively within the province of the judge, and should never be considered by the jury in any way in arriving at an impartial verdict.

Some of you took notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Remember that even during your deliberations, my mandate to you still applies that you not read any news stories or articles, listen to any radio, or watch any television reports about the case or about anyone who has anything to do with it. Do not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own. And do not discuss the case in any manner with others, directly or through social media. You may only discuss the case with your fellow jurors during your deliberations, with all twelve of you present.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  A verdict form has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, have the foreperson sign the note, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that you should never state or specify your numerical division at any time.  For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.