IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 15-00326 LEK-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| SAMANTHA LEIALOHA WATANABE, | ) | |
| Defendant. | ) | |

**ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S APPEAL**

On March 20, 2017, this Court issued its Order Granting in Part and Denying in Part Defendant's Appeal, Reversing Judgment in a Criminal Case and Remanding Case to the Magistrate Judge for a New Trial ("3/20/17 Order"). [Dkt. no. 220.[1]] Before the Court is Plaintiff the United States of America's ("the Government") motion for reconsideration of the 3/20/17 Order ("Motion"), filed on March 29, 2017. [Dkt. no. 221.] Defendant Samantha Leialoha Watanabe ("Defendant") filed her memorandum in opposition on April 4, 2017, and the Government filed its reply on April 11, 2017. [Dkt. nos. 223, 224.] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting

---

[1] The 3/20/17 Order is also available at 2017 WL 1058746.

and opposing memoranda, and the relevant legal authority, the Government's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The relevant background is set forth in the 3/20/17 Order, and this Court will only repeat the background that is relevant to the instant Motion.

The magistrate judge held Defendant's trial in December 2015, and the jury returned a guilty verdict on December 8, 2015. The Judgment in a Criminal Case was entered on May 3, 2015, and Defendant appealed.

In the 3/20/17 Order, this Court: 1) denied Defendant's Appeal as to the juror bias issue because Defendant did not establish that she suffered any constitutionally recognized injury as a result of the denial of her request to strike Juror Number 10 for cause; 3/20/17 Order, 2017 WL 1058746, at *8; 2) granted the Appeal as to the lay opinion testimony issue because the testimony was not helpful to the jury and was therefore inadmissible under Fed. R. Evid. 701; id. at *11; 3) denied the Appeal as to Defendant's argument that the admission of testimony regarding the pre-flight incident was reversible error; id. at *13; 4) denied the Appeal as to Defendant's argument that, because of the Government's allegedly improper closing and rebuttal argument and the magistrate judge's

overruling of defense counsel's objections, the jury may have convicted her based on acts that did not fall within the scope of the charged offense; id. at *14; and 5) denied the Appeal as moot as to the cumulative error issue; id. at *15.[2]

In the instant Motion, the Government argues that this Court should reconsider its ruling on the lay opinion testimony issue because: a) this Court misapplied the abuse of discretion standard; b) the lay opinion testimony was admissible because it was based on the witnesses' first-hand observations and the content of the witnesses' testimony was valuable to the jury; and c) even if the magistrate judge abused his discretion in admitting the lay opinion testimony, this Court should not have granted the Appeal because the error was harmless.

**STANDARD**

There is no rule in the Federal Rules of Criminal Procedure expressly authorizing the filing of motions for reconsideration. However, many courts – including the Ninth Circuit – have recognized that motions for reconsideration may be filed in criminal cases. See, e.g., United States v. Hee, Cr. No. 14-00826 SOM, 2015 WL 6510345, at *11 (D. Hawai`i Oct. 27, 2015) (listing cases). "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent

---

[2] Although it was not necessary to do so, this Court addressed the third, fourth, and fifth issues to provide guidance on remand. 3/20/17 Order, 2017 WL 1058746, at *11.

motions in civil proceedings." Id. (alteration in Hee) (citations and quotation marks omitted). This district court has stated:

> A motion seeking reconsideration of a dispositive ruling in a criminal matter is treated like a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). United States v. Belgarde, 148 F. Supp. 2d 1104, 1105 (D. Mont. 2001). Such motions must be filed within twenty-eight days of entry of the Court's order. Fed. R. Civ. P. 59(e).
>
> . . . .
>
> The Ninth Circuit Court of Appeals has set forth the following grounds justifying reconsideration pursuant to Rule 59(e):
>
> (1) If such motion is necessary to correct manifest errors of law or fact upon which the order rests;
>
> (2) If such motion is necessary to present newly discovered or previously unavailable evidence;
>
> (3) If such motion is necessary to prevent manifest injustice; or,
>
> (4) If an amendment to the order is justified by an intervening change in controlling law.
>
> Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). There may also be other, highly unusual, circumstances warranting reconsideration. Sch. Dist. No. 1J, Multnomah Cnt[y]., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

United States v. Bonilla-Galeas, Crim. No. 13-00765 HG-02, 2016 WL 1032779, at *1-2 (D. Hawai`i Mar. 15, 2016); see also Hee, 2015 WL 6510345, at *11 (noting that, in addition to the

4

Rule 59(e) standards, courts have also applied the Fed. R. Civ. P. 60(b) standards); United States v. Williams, CR. No. 06-00079 DAE, 2007 WL 1294519, at *3 (D. Hawai`i Apr. 30, 2007) ("Local Rule 60.1 also applies to motions for reconsideration in criminal cases." (citations omitted)).

In the instant case, the Government does not allege that it has newly discovered evidence, there has been an intervening change in the controlling law, or that allowing the 3/20/17 Order to stand would result in manifest injustice. The Government's Motion is based upon alleged errors of law and errors in the application of the law to the facts of this case. This district court has stated:

> [Rule 59(e)] motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). A "district court enjoys considerable discretion in granting or denying" a Rule 59(e) motion. McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (quoting Federal Practice and Procedure § 2810.1). See also Herbst v. Cook, 260 F.3d 1039, 1044 (9th Cir. 2001) ("denial of a motion for reconsideration is reviewed only for an abuse of discretion").

Hee, 2015 WL 6510345, at *11.

## DISCUSSION

### I. Application of the Abuse of Discretion Standard

In the section of the 3/20/17 Order addressing the lay opinion testimony issue, this Court cited the standard that the

Government cites in the Motion. 2017 WL 1058746, at *9 ("'The admissibility of lay opinion testimony under Rule 701 is committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a clear abuse of discretion.'" (quoting United States v. Lloyd, 807 F.3d 1128, 1153-54 (9th Cir. 2015))). However, the Government asserts that this Court merely paid lip service to the standard cited in the 3/20/17 Order.

In considering Defendant's Appeal, this Court applied the same standards that the Ninth Circuit would apply to an appeal from a district court judgment. 3/20/17 Order, 2017 WL 1058746, at *6 (some citations omitted) (citing Fed. R. Crim. P. 58(g)(2)(D)). This Court is well aware that:

> Under the abuse of discretion standard, unless a district court makes an error of law or rests its decision on a clearly erroneous finding of a material fact, see United States v. Sprague, 135 F.3d 1301, 1304 (9th Cir. 1998), or rules in an irrational manner, see In re Sternberg, 85 F.3d 1400, 1405 (9th Cir. 1996), *overruled on other grounds by* In re Bammer, 131 F.3d 788 (9th Cir. 1997) (en banc),[3] "we must accord the district court wide latitude in its decision" and may not substitute our judgment for that of the district court. United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996).

---

[3] Kawaauhau v. Geiger, 523 U.S. 57 (1998), impliedly overruled Bammer on other grounds. See In re Yamada, Bankruptcy No. 11-02112, 2012 WL 3224118, at *6 n.1 (Bankr. D. Hawai`i Aug. 6, 2012).

6

United States v. Henderson, 241 F.3d 638, 646 (9th Cir. 2000). In the 3/20/17 Order, this Court found that Brian Miller's, Cari Miller's, Arthur Moeller's, Charise Pleitez's, and Susan Allen's lay opinion testimony about whether Defendant's actions constituted permissible parental discipline was not helpful to the jury. 2017 WL 1058746, at *11. The magistrate judge's ruling that this testimony was admissible required a finding that the testimony was useful, and that finding was clearly erroneous and the admission of the testimony was an abuse of discretion.[4] The Government merely disagrees with this Court's analysis, but its disagreement does not prove that this Court misapplied the abuse of discretion standard. Cf. Williams, 2007 WL 1294519, at *3 (some citations omitted) (citing White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.")).

This Court therefore DENIES the Motion as to the Government's argument that this Court failed to apply the abuse of discretion standard.

---

[4] The Court emphasizes that the Government's first argument focuses upon the application of the proper standard of review, and, in Discussion Section I, the Court describes its rulings regarding the admissibility of the lay opinion testimony to show the standard that it applied. Discussion Section II addresses the Government's challenge to the Court's admissibility analysis itself.

**II. Admissibility Analysis**

The Government argues that this Court erred in granting the Appeal as to the lay opinion testimony issue because the testimony was based on first-hand, personal knowledge. First, in considering the Appeal, this Court acknowledged both that the testimony at issue was based on first-hand, personal knowledge, and the fact that the testimony addressed one of the ultimate issues for did not necessarily render the testimony inadmissible. See 3/20/17 Order, 2017 WL 1058746, at *9 ("In the instant case, the parental discipline testimony was rationally based on the witnesses' respective perceptions of what he or she observed."); id. at *10 (stating that the mere fact that the testimony addressed an ultimate issue "did not render lay opinion testimony about whether Defendant's actions constituted parental discipline inadmissible"). In the Motion, the Government asserts that this Court erred in granting Defendant's Appeal because, "[i]n the Ninth Circuit, lay opinion testimony, even about an ultimate issue, is almost always 'helpful' to the jury, as long as it is based on firsthand personal observation." [Motion at 9.] Even assuming that the Government's generalization about Ninth Circuit case law is accurate, this Court would reaffirm its conclusion that the instant case is one of the minority of cases in which lay opinions based on first-hand observations were not helpful to the jury.

The Government states that the Motion "is grounded in United States v. Yazzie, 976 F.2d 1252, 1255 (9th Cir. 1992), a Ninth Circuit case not cited in the government's Answering Brief." [Id. at 1.] Arguably, the Government's arguments based on Yazzie are not properly before this Court. Contrary to its representation in the Motion, the Government was aware of Yazzie at the time of the Appeal. See Answering Brief, filed 11/21/16 (dkt. no. 216), at 10 (quoting United States v. Yazzie, 976 F.2d 1252, 1255 (9th Cir. 1992)). Further, even if the Government had not been aware of Yazzie during the pendency of the Appeal, it could have found the case through reasonable research, and, because it could have raised its arguments based on Yazzie in connection with the Appeal, it cannot raise them now. See Hee, 2015 WL 6510345, at *11 (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

However, because the Government contends that this Court's ruling on the lay opinion testimony issue "is impossible to square with Yazzie," [Motion at 10,] and Yazzie is controlling precedent, this Court will briefly address the Government's arguments. Yazzie appealed his conviction of statutory rape, in violation of 18 U.S.C. §§ 1153, 2243. His defense was that "at the time of the incident, he reasonably believed that the minor, who was then fifteen-and-a-half years old, was at least sixteen." Yazzie, 976 F.2d at 1253. At trial, the district court excluded

the testimony of several witnesses who would have testified that, "as of the date of the alleged sexual abuse, their observations caused them to believe the minor to be between sixteen and twenty years old." Id. at 1254. The Ninth Circuit held that the district court erred in excluding this testimony and reversed Yazzie's conviction. Id. at 1253. The Ninth Circuit stated:

> In the case before us, **the jurors could not themselves assess how old the minor looked at the time of the incident**: by the time of the trial, the minor was almost seventeen years old, and her appearance was undoubtedly substantially different than it had been on the night in question, a year and a half earlier. Thus, **the jurors were wholly dependent on the testimony of witnesses**. Yet the witnesses were permitted to testify only to the minor's describable features and behavior. Their testimony was no substitute for a clear and unequivocal statement of their opinions. It did not tell the jury that these witnesses believed the minor to be at least sixteen years old at the time of the incident.

Id. at 1255 (emphases added).

In Yazzie, the lay opinion testimony went to a **factual** question - whether the minor looked under the age of sixteen at the time of the incident. In contrast, in the instant case, the lay opinion testimony went to a **legal** question – whether Defendant's actions constituted permissible parental discipline, as that term was explained to the jury. See 3/20/17 Order, 2017 WL 1058746, at *10-11 (quoting the jury instruction regarding parental discipline and quoting the testimony of Brian Miller). Further, the jury in the instant case could decide, based on the

10

witnesses' descriptions of Defendant's behavior and without the witnesses' opinions, whether Defendant's actions constituted permissible parental discipline.  This Court therefore CONCLUDES that Yazzie is distinguishable from the instant case, and this Court REJECTS the Motion's arguments based on Yazzie.

The Government also argues that the cases this Court cited in its analysis of the lay opinion testimony issue show that the testimony was admissible.  The Government's arguments regarding the cited cases, however, do not establish that this Court made a manifest error of law; they merely show that the Government disagrees with this Court's analysis.  The Government's mere disagreement does not constitute a sufficient ground for reconsideration.  This Court therefore CONCLUDES that the Government has not established that this Court made a manifest error of law or fact in ruling that the lay opinion testimony regarding parental discipline was inadmissible, and DENIES the Motion as to the Government's argument regarding the admissibility of such testimony.

**III. Harmless Error**

Finally, the Government argues that, even if the magistrate judge abused his discretion in admitting the lay opinion testimony, this Court should have denied Defendant's Appeal because the error was harmless.

In the 3/20/17 Order, this Court did not conclude that the erroneous admission of the lay opinion testimony rose to the level of a constitutional violation. The Ninth Circuit has stated:

> Where we discover an error not of constitutional magnitude, "[w]e must reverse unless there is a 'fair assurance' of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." United States v. Morales, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc) (citation omitted). The burden to show the harmlessness of the error is on the government, and in the rare case in which we find ourselves in equipoise as to the harmlessness of the error, reversal is required. See United States v. Seschillie, 310 F.3d 1208, 1214-16 (9th Cir. 2002).

United States v. Gonzalez-Flores, 418 F.3d 1093, 1099 (9th Cir. 2005) (alteration in Gonzalez-Flores) (footnote omitted).

There was arguably evidence in the record that could have supported a guilty verdict, even without the lay opinion testimony about permissible parental discipline. However, based on the nature and the extent of the lay opinion testimony in this case, this Court cannot find that it is more probable than not that the improper opinion testimony did not have a material effect on the jury's verdict. This Court therefore reaffirms its conclusion that the admission of the improper lay opinion testimony was not harmless. See 3/20/17 Order, 2017 WL 1058746, at *11 (concluding that "under the facts of this case, the error was not harmless"). The Motion is DENIED as to the Government's

12

harmless error argument.

## **CONCLUSION**

On the basis of the foregoing, this Court CONCLUDES that the Government has failed to establish any ground that warrants reconsideration of this Court's Order Granting in Part and Denying in Part Defendant's Appeal, Reversing Judgment in a Criminal Case and Remanding Case to the Magistrate Judge for a New Trial, filed March 20, 2017. The Government's Motion for Reconsideration of Order Granting in Part and Denying in Part Defendant's Appeal, filed March 29, 2017, is therefore DENIED. In light of the denial of the Government's Motion, this Court's 3/20/17 Order shall take effect immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 19, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. SAMANTHA LEIALOHA WATANABE; CR 15-00326 LEK-KSC; ORDER DENYING THE GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S APPEAL**